# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ELLIS, JR., : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BERKS COUNTY POLICE DEPARTMENT, : <br> *et al.*, : <br> Defendants. : | Civil No. 5:21-cv-01874-JMG |

## MEMORANDUM

**GALLAGHER, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　May 7, 2021

### I.　　OVERVIEW

Plaintiff William Ellis, Jr., who is proceeding *pro se*, brings this civil action in connection with an August 2015 criminal prosecution initiated against him in Berks County, Pennsylvania. *See* ECF No. 2. Mr. Ellis seeks leave to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant Mr. Ellis leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### II.　　FACTUAL ALLEGATIONS[1]

The Complaint names the following nine Defendants: (1) the Berks County Police Department; (2) Magisterial District Judge Thomas H. Xavios; (3) the County of Berks; (4) Officer Buck, of the Reading Police Department; (5) Officer Peter J. Karpovich; (6) the Judicial Conduct Board; (7) the Berks County District Attorney's Office; (8) Adam McNaughton; and (9) Robert A. Graci. *See* ECF No. 2 at 2-3.[2] Mr. Ellis alleges that he called the Reading Police Department after he was assaulted by Chardonnay Winston on August 19, 2015. *Id.* at 1, 4; *see*

---

[1] The facts set forth in this Memorandum are taken from Ellis's Complaint and attached exhibits.
[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

*also* ECF No. 2, Ex. 1 at 29-32, 41, 43. According to Mr. Ellis, when Officers Buck and Karpovich arrived, he explained what happened and was detained by Officer Karpovich. *See* ECF No. 2 at 4. Officer Buck purportedly spoke with Ms. Winston separately, but refused to file charges. *Id.*

Following this encounter, Mr. Ellis "went to [the] Berks County District Attorney's Office to press charges" against Ms. Winston, but "received a letter saying my application lacks sufficient corroboration." *Id.* Mr. Ellis claims that he also was "told to go talk to the Chief of Police." ECF No. 2. at 4. Documents attached to Mr. Ellis's Complaint indicate that he filed an application for private prosecution against Chardonnay Winston which was denied pursuant to prosecutorial discretion. *See* ECF No. 2, Ex. 1 at 22-24. The letter informing Mr. Ellis of this decision was signed by Defendant McNaughton. *See id.* at 22. Mr. Ellis asserts that he "talked with [an] official [and] was granted the opportunity to have a hearing. I was not aware that I was the defendant." ECF No. 2 at 4.

Mr. Ellis further contends that after he was unable to file charges against Ms. Winston, he filed a protection from abuse order against her. *Id.* at 5.[3] He claims that "[i]f my charges were filed and Chardonnay Winston being on probation[,] [s]he would have been arrested and could not have me arrested on false contempt to court charges." *Id.* Mr. Ellis attached several documents to his Complaint, including records of his attempt to press charges against Ms. Winston, as well as documentation related to a criminal proceeding initiated against Mr. Ellis as

---

[3] It appears that Mr. Ellis filed a petition for a temporary protection from abuse order against Ms. Winston, which was granted by the Court of Common Pleas of Berks County on August 24, 2015. *See* ECF No. 2, Ex. 1 at 34-44. In his petition, Mr. Ellis stated that the most recent instance of abuse occurred on August 19, 2015 when Ms. Winston struck him in the head with a fire extinguisher. *Id.* at 41-44. In a letter attached to his Complaint, Mr. Ellis stated that he sought treatment at the hospital for injuries he sustained during this altercation. *See* ECF No. 2 at 1. Mr. Ellis also submitted to the Court a portion of an Inpatient Record from the Emergency Department of Reading Hospital dated August 20, 2015, which reflects that he was diagnosed with a concussion, headache, and nausea and treated accordingly. *See* ECF No. 4.

a result of the August 19, 2015 incident. *See* ECF No. 2, Ex. 1 at 24-32. In particular, the state court docket reflects that an arrest warrant was issued on August 19, 2015 based upon a criminal complaint filed that date, and was returned on August 20, 2015. *See id.*; *Commonwealth v. Ellis*, MJ-23309-CR-0000284-2015 (C.P. Berks). An arraignment and a preliminary hearing were held on August 20, 2015, and bail was set, but Mr. Ellis was detained until August 21, 2015 when bail was posted. ECF No. 2, Ex. 1 at 32. The docket further reflects that the charges against Mr. Ellis were dismissed on September 4, 2015. *Id.* at 31-32.

The documentation submitted by Mr. Ellis in support of his Complaint also reflects that he filed a complaint with the Commonwealth's Judicial Conduct Board against Magisterial District Judge Thomas H. Xavios, who presided over a portion of Mr. Ellis's criminal proceeding. *See id.* at 25, 29-32. A November 2017 letter signed by Defendant Graci indicates that the Board voted to authorize the dismissal of the complaint with a Letter of Caution to Defendant Xavios. *Id.* at 25. According to Mr. Ellis, he was "falsely charged with two counts of simple assault and two counts of harassment" and was required to post bail, pay a fine, and "attend a program." *Id.* Mr. Ellis indicates that he is bringing claims pursuant 42 U.S.C. § 1983 for violations of his Fourth, Fifth, and Fourteenth Amendments rights. *Id.* at 3. He also claims to have suffered mentally and physically, and seeks monetary damages. *Id.* at 5.

### III. STANDARD OF REVIEW

The Court will grant Mr. Ellis leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

3

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record in determining whether a plaintiff states a claim. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Mr. Ellis is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## IV. DISCUSSION

In liberally construing Mr. Ellis's Complaint, the Court has determined that Mr. Ellis is attempting to bring claims based on his arrest, related detention, and criminal prosecution which commenced in August 2015. *See* ECF No. 2 at 1, 4-5; ECF No. 2, Ex. 1 at 32. In addition, Mr. Ellis appears to take issue with the failure to prosecute Ms. Winston for her role in the underlying August 19, 2015 incident. *See* ECF No. 2, Ex. 1 at 22-24. The documentation submitted by Mr. Ellis also suggests that he alleges injury resulting from the Judicial Conduct Board's November 14, 2017 decision to dismiss his complaint against Defendant Xavios. *See id.* at 25. However, it is apparent from the face of the Complaint that Mr. Ellis's claims are time-barred.

### A. Statute of Limitations

Federal civil rights claims brought pursuant to § 1983 are subject to the state statutes of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Moore v.*

4

*Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1216 (11th Cir. 2001); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989); *Carpenter v. Young*, Civ. A. No. 04-927, 2005 WL 1364787, at *5 (E.D. Pa. June 1, 2005). In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524.

A claim accrues under the relevant federal civil rights laws and Pennsylvania laws "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Smith v. Delaware Cty. Court*, 260 F. App'x 454, 455 (3d Cir. 2008) (per curiam) (applying Pennsylvania's two-year statutory period to plaintiff's claim that he was denied due process after his arrest). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Malicious prosecution claims accrue at the time the charges terminate in the litigant's favor, because that is when the cause of action is complete. *See McDonough v. Smith*, 139 S. Ct. 2149, 2154-55 (2019); *Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019).

Based on the allegations in the Complaint and the supporting documentation, Mr. Ellis's claims concerning his arrest, detention, and criminal prosecution are best construed as claims for malicious prosecution, as he was detained pursuant to a warrant. *See Johnson v. United States*, No. 20-3256, 2021 WL 1626522, at *2 (3d Cir. Apr. 27, 2021) (per curiam) ("[T]he Magistrate Judge correctly concluded that because Johnson was arrested pursuant to a warrant, his claims

5

for false arrest and false imprisonment were, in essence, malicious prosecution claims."). These claims accrued on or by September 4, 2015, the date the charges against him were dismissed. *See* ECF No. 2, Ex. 1 at 32. Mr. Ellis's Complaint was filed with the Court on April 15, 2021. *See* ECF No. 2. Thus, these claims clearly accrued more than two years before he filed this civil action.

Mr. Ellis has failed to present cognizable claims based on the non-prosecution of Ms. Winston, and on the actions of the Judicial Conduct Board with respect to the complaint Mr. Ellis filed concerning Defendant Xavios. In any event, to the extent Mr. Ellis claims that his rights were violated by the non-prosecution of Ms. Winston, such a claim would have accrued in September 2015 when Defendant McNaughton notified Mr. Ellis that his application for a private prosecution was denied for lack of sufficient corroboration. *See* ECF No. 2, Ex. 1 at 22. Similarly, to the extent that Mr. Ellis alleges that his rights were violated by the Judicial Conduct Board's decision to dismiss his complaint with a Letter of Caution to Defendant Xavios, such claim would have accrued in November 2017. *See id.* at 25. With respect to each of these alleged wrongs, Mr. Ellis would have been aware of his injuries therefrom more than two years before the filing of his Complaint in April 2021.[4]

Accordingly, it is apparent from the Complaint that Mr. Ellis's claims under § 1983 are time-barred and will be dismissed on that basis. *See Lloyd*, 2021 WL 1608553, at *2 (affirming dismissal of malicious prosecution and fabrication of evidence claims as time-barred because

---

[4] There is no basis for tolling here since the Complaint and exhibits make clear that Mr. Ellis knew or should have known of the events giving rise to his claims and his related injuries at the time the claims accrued. *See Lloyd v. Ocean Township Council*, No. 20-3320, 2021 WL 1608553, at *2 (3d Cir. Apr. 26, 2021) (per curiam) (explaining that equitable tolling for federal civil rights claims "is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum") (citing *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000)).

case was filed more than two years after plaintiff was acquitted of charges brought against her); *Shareef v. Moore*, No. 20-1863, 2021 WL 1573790, at *2 (3d Cir. Apr. 22, 2021) (per curiam) (affirming finding that false arrest claim was time-barred because plaintiff's allegations and other filings demonstrate that he was arrested and appeared for a preliminary hearing more than two years before initiating his civil action). Mr. Ellis will not be permitted to file an amended complaint because amendment would be futile. *See Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (per curiam) (affirming dismissal of complaint without leave to amend because amendment would have been futile as claims were time-barred); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court notes that Mr. Ellis's Complaint is deficient for other reasons as well, as discussed below.

B.   **Defendant Berks County Police Department**

Although the caption of Mr. Ellis's Complaint lists the "Berks County Police Department" as a Defendant, Mr. Ellis identifies Reading Police Department elsewhere in his filings as the relevant police department. *See, e.g.*, ECF No. 2 at 1, 4. In addition, the state court docket from Mr. Ellis's criminal proceeding lists the arresting agency as the "Reading City Police Dept." *See* ECF No. 2, Exh. 1 at 29. Further, the letter from Defendant McNaughton informing Mr. Ellis that his application for private prosecution was denied references the investigation of the incident involving Chardonnay Winston that was conducted by the "Reading Police Department." *See id.* at 22.

Regardless of the proper defendant, a claim against a municipal police department is not plausible in a § 1983 action. Following the decision in *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978), courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its

policing functions.  *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, a municipal police department is not a proper defendant in this case.

### C. Magisterial District Judge Thomas H. Xavios

The Complaint does not include any factual details about Defendant Xavios's involvement in the alleged constitutional violations.  Mr. Ellis alleges generally that he "suffered from incarceration and probation illegality of officials working under the color of law violated my right to due process.  The law was not followed."  ECF No. 2 at 5.  It also appears from the documentation that Mr. Ellis attached to his Complaint that he filed a complaint with the Commonwealth's Judicial Conduct Board concerning Judge Xavios.  *See* ECF No. 2, Ex. 1 at 25.  A November 14, 2017 letter, signed by Defendant Graci as Chief Counsel for the Judicial Conduct Board, indicates that the Board investigated the complaint and voted to authorize a dismissal of the complaint with a Letter of Caution to Judge Xavios.  *Id.*  The letter further states that, "[t]he Letter of Caution will serve to remind the Judge that the Rules Governing Standards of Conduct of Magisterial District Judges hold him directly accountable for the supervision of the actions of his staff."  *Id.*  The letter contains no further details regarding the underlying

8

complaint. Mr. Ellis's submissions simply do not plausibly allege any constitutional violation by Defendant Xavios.

Assuming *arguendo* that Mr. Ellis intended to present a claim against Judge Xavios pertaining to his role in Mr. Ellis's criminal prosecution, the Court notes that judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Since Judge Xavios was acting in his judicial capacity while presiding over Mr. Ellis's criminal proceeding, he is entitled to absolute judicial immunity from claims based on how he handled that proceeding.

### D. Defendant County of Berks

Mr. Ellis has also named the County of Berks as a Defendant. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the

action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (internal quotation omitted). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (internal quotation omitted). A plaintiff demonstrates that a custom was the proximate cause of his injuries by establishing that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted). Although Mr. Ellis named the County of Berks as a Defendant in this action, the Complaint is devoid of any allegations about acts or omissions of the County. Because Mr. Ellis did not allege any facts suggesting that a constitutional violation occurred as a result of an approved municipal policy or governmental practice or custom, he has not alleged a plausible basis for a *Monell* claim against Berks County.

### E. Defendants Berks County District Attorney's Office and Adam McNaughton

The District Attorney's Office must be dismissed with prejudice because the Third Circuit has held that district attorney's offices in Pennsylvania are not entities subject to suit under § 1983. *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability"). *But see Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015) (declining to follow *Reitz* because its "central holding" as to the Bucks County District Attorney's Office was only that plaintiffs had failed to meet an evidentiary burden and the Court's statement at the end of the opinion, that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability," was "arguably dicta").

10

Additionally, the Complaint does not contain any factual allegations concerning Defendant McNaughton, who appears to be a prosecutor with the Berks County District Attorney's Office. Defendant McNaughton is not listed on the docket for Mr. Ellis's criminal prosecution, and there is nothing in the Complaint or its exhibits that suggests Defendant McNaughton was involved in Mr. Ellis's criminal proceedings. *See* ECF No. 2, Ex. 1 at 29-33.[5] Rather, it appears that Mr. Ellis's claims against Defendant McNaughton may be based on his non-prosecution of Ms. Winston.

Mr. Ellis included in the exhibits attached to his Complaint a copy of the September 2, 2015 letter from Defendant McNaughton to Mr. Ellis informing him that his application for a private prosecution against Ms. Winston was denied because it lacked sufficient corroboration. *See* ECF No. 2, Ex. 1 at 22-23. Defendant McNaughton explained that he had reviewed "the police report and charging documents related to this prosecution," and determined that "the Reading Police Department investigated his alleged incident and determined" Mr. Ellis to be at fault, noting that he was charged with simple assault. *Id.* at 22. Defendant McNaughton reasoned that "charges against Chardonnay Winston are inappropriate and unsupported." *Id.* Furthermore, Defendant McNaughton explained that "due to prosecutorial discretion," Mr. Ellis's application for a private prosecution was denied. *Id.* He also noted that the decision was based on office policy. *Id.*

To the extent that Mr. Ellis attempts to seek relief based on Defendant McNaughton's decision regarding Mr. Ellis's application for a private prosecution against Ms. Winston, he has failed to establish a violation of his constitutional rights because there is no constitutional

---

[5] In any event, the Court notes that prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see Fogle v. Sokol*, 957 F.3d 148, 156-64 (3d Cir. 2020).

11

entitlement to prosecution of another. *See Moyer v. Borough of N. Wales*, Civ. A. No. 00-1092, 2000 WL 1665132, at *2 (E.D. Pa. Nov. 7, 2000) (plaintiff's allegations regarding defendants' failure to prosecute a third party for sexual assault, and their decision to bring charges of disorderly conduct against him instead, fail to establish a constitutional injury because private citizens lack a judicially cognizable interest in the criminal prosecution of another) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Brown v. Grabowski*, 922 F.2d 1097, 1104 (3d Cir. 1991)); *Dundore v. O'Donnell*, Civ. A. No. 85-2907, 1985 WL 2681 at *2 (E.D. Pa. Sept. 17, 1985) ("Defendant O'Donnell is alleged to have refused to file the criminal charges brought by plaintiffs [against a third party]. Although plaintiffs were no doubt aggrieved when O'Donnell refused to file the charges, they have no constitutional right that I am aware of to have criminal charges filed."), *aff'd sub nom. Appeal of Dundore*, 791 F.2d 916 (3d Cir. 1986).

### F. Defendants Judicial Conduct Board and Robert A. Graci

A claim for money damages against the Commonwealth of Pennsylvania's Judicial Conduct Board also may not proceed. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Judicial Conduct Board is an agency of the Commonwealth and is entitled to Eleventh Amendment immunity. *Lattaker v. Rendell*, 269 F. App'x 230, 232 (3d Cir. 2008) (per curiam). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. §§ 8521-22, to the extent Mr.

Ellis presents claims against the Judicial Conduct Board, such claims are barred by the Eleventh Amendment.

With respect to Defendant Graci, Mr. Ellis has articulated no allegations against him and it is unclear from the attachments to the Complaint what allegations Mr. Ellis could raise against him. Indeed, it appears that the only reference to Defendant Graci in the materials Mr. Ellis filed with the Court consists of the November 14, 2017 letter from Defendant Graci in his role as Chief Counsel of the Judicial Conduct Board regarding the complaint filed by Mr. Ellis against Defendant Xavios. *See* ECF No. 2, Ex. 1 at 25. Mr. Ellis has presented no claim against Defendant Graci, much less a plausible claim. *See Fake v. Pennsylvania*, Civ. A. No. 17-2242, 2018 WL 3323462, at *8 (M.D. Pa. Mar. 22, 2018) (noting that § 1983 claims against defendant Graci as a state official in his official capacity are really claims against the Commonwealth and, as such, are barred by the Eleventh Amendment), *report and recommendation adopted sub nom. Fake v. Commonwealth of Pennsylvania*, Civ. A. No. 17-2242, 2018 WL 2228676 (M.D. Pa. May 16, 2018), *aff'd sub nom. Fake v. Pennsylvania*, 758 F. App'x 307 (3d Cir. 2018); *see also Lokuta v. Sallemi*, Civ. A. No. 13-0288, 2013 WL 5570227, at *9 (M.D. Pa. Oct. 9, 2013) (concluding that Judicial Conduct Board defendants, including chief counsel, were entitled to prosecutorial immunity for their alleged failure to investigate or prosecute a Commonwealth Judge because prosecutors enjoy absolute immunity for the failure to adequately investigate a case and for the decision to initiate, or decline to initiate, a prosecution) (internal quotation and citation omitted).

## V. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Ellis leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The

Court concludes that amendment of Mr. Ellis's claims would be futile because the time-bar deficiency noted above cannot be cured; therefore, his claims will be dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge